**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**TRAZEL I,**

      Plaintiff,

v.                                     **CIVIL ACTION NO.: 3:15-CV-85
(GROH)**

**PENN NATIONAL GAMING, INC.,
CHARLES TOWN GAMING LLC.,**

      Defendants.

## REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* filed on July 13, 2015. IFP Motion, ECF No. 2. On July 13, 2015, Plaintiff TRAZEL I filed his *pro se* Complaint alleging violations of his Civil Rights under Title 42 U.S.C. 2000(a) prohibition against discrimination or segregation in places of public accommodation. Complaint at 2, ECF No. 1. Plaintiff seeks monetary damages in the amount of $150,000.00 against Defendants.[1] Id. at 3. Plaintiff also requests an injunction permitting Choctaw/Shariq (Cherokee) Clansmen public access. Id. at 2. The Motion for IFP is now ripe for review.

### I.    STANDARD OF REVIEW

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The Court has the authority to allow a case to proceed without the prepayment of

---

[1] The Plaintiff refers to Penn National Gaming, Inc. and Charles Town Gaming LLC as Defendants in this case. Additionally, Plaintiff makes a reference within his Complaint that one or both of these corporations are doing business as Hollywood Casino at Charles Town Races. For purposes of this Report and Recommendation "Defendants" will refer to all of these entities.

1

fees "by a person who affirms by affidavit that he or she is unable to pay costs." L.R. Gen. P. 3.01; see also 28 U.S.C. § 1915(a)(1). The plaintiff files this affidavit along with their request or Motion for Leave to Proceed *In Forma Pauperis*. See Fed. R. Civ. P. 24. The Supreme Court has explained that the purpose of the "federal *in forma pauperis* statute…is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915. The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., based on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing a case filed by a plaintiff proceeding *pro se*, the Court liberally construes the complaint. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

The federal *in forma pauperis* statute allows a court to *sua sponte* dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S.

2

41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570.

Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). Indeed, a plaintiff must articulate facts that, when accepted as true, demonstrate that he plaintiff has stated a claim entitling him or her to relief. Id.

## II. FACTS

Plaintiff appears to raise civil rights violations under 42 U.S.C. §2000a, 2000a-2 in the form of race discrimination against the agents of the Defendants, stemming from

actions occurring on Memorial Day weekend of 2014 and October 18, 2014. Complaint, ECF No. 1.

In Count I of his Complaint, Plaintiff explains that on Memorial Day weekend 2014, he "…applied at the customer service window" with his "passport" and was informed by Defendants' agent that without state ID he could not be accommodated. Id. at 2. None of the identification documents referenced in the Complaint are filed as attachments, nor does Plaintiff state why his "passport" was rejected other than it was an unacceptable form of identitification.

In Count II of his Complaint, Plaintiff explains that on October 18, 2014, that an agent of Defendant denied him access to Defendants' facility because his "Indigenous American ID" wasn't "…in the 'book.'" Id. at 2. The referenced identification document is not filed as an attachment to the Complaint. However, Plaintiff further states that he attended a concert at Defendants' facility in 2014 using the same ID and was admitted without incident. Plaintiff does not set forth any facts which support a claim that his "Indigenous American ID" was rejected because he is a member of a protected class, nor does he explain why his "Indigenous American ID" was accepted without incident on another occasion at the same facility.

### III.  DISCUSSION

While Plaintiff provides examples of alleged interactions with Defendants' agents, his Complaint fails to state a claim for which relief may be granted. It appears from the code section cited by the Plaintiff and the relief requested, that Plaintiff is asserting that he was denied access to Defendants' facility because he was a Choctaw/Shariq (Cherokee) Clansmen. However, the factual scenarios discussed above do not allege

4

any racial discrimination but merely assert problems with identification on two out of three visits to Defendants' facility.

In order to establish a prima facie claim, Plaintiff must demonstrate that (1) he is a member of a protected class; (2) he made himself available to receive and pay for services ordinarily provided by Defendants to all members of the public in the manner in which Defendants normally provide service; and (3) he did not enjoy the privileges and benefits of the contracted for experience under factual circumstances which rationally support an inference of unlawful discrimination in that he was deprived of service while similarly situated persons outside the protected class were not deprived of those services, or he received services in a markedly hostile manner and in a manner which a reasonable person would fine objectively unreasonable. Sherman v. Marriott Hotel Services, Inc., 317 F. Supp. 2d 609, 616 (D. Md. 2004). See Hawkins v. PepsiCo, Inc., 203 F.3d 274, 282 (4th Cir.) ("Law does no blindly ascribe to race all personal conflicts between individuals of different races."), cert. denied, 121 S. Ct 181 (2000).

The Plaintiff fails to state what specific issue resulted in his identification being rejected. Although the relief sought by Plaintiff implies that his Indian heritage was the basis of Defendants' refusal to allow access, there are no facts plead by plaintiff to support this inference. As such, the Court cannot identify a cause of action that may be supported by Plaintiff's allegations. See Wetter v. Depart. of Social Serv., 901 F.2d 387, 391 (4th Cir. 1990) ("While *pro se* complaints may represent the work of an untutored hand requiring special judicial solicitude, the Court cannot act as plaintiff's counsel and read claims into the complaint that are not otherwise presented.") (internal quotations and citations omitted); see also Bullock v. Beasley & Allen, No. 5:09-CV-329-F, 2009

WL 2827950, at *2 (E.D.N.C. Aug. 28, 2009) (dismissing the plaintiff's complaint as frivolous because "Plaintiffs recitation of the factual basis of his complaint fails to identify a cause of action asserted against Defendants and is equally devoid of any legal theory.").

Here, the Complaint appears to allege that Plaintiff was prohibited from entering Defendants' premises on two occasions because of improper identification, and not due to racial discrimination. Plaintiff failed to identify facts related to the elements of his claim and establish a cause of action which entitles him to relief. See Cochran v. Morris, 73 F.3d 1310, 1318 (4th Cir. 1996) ("A district judge is not required to piece together causes of action from fragmentary factual recitations."). Therefore, even when liberally construing the Complaint, the undersigned finds that Plaintiff failed to state a claim for which relief may be granted.

## IV. RECOMMENDATION

After careful review of the Complaint the undersigned respectfully recommends Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 2] be **DENIED** and Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, Plaintiff may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to this Recommendation will result in waiver of the right to appeal from a judgment of this

Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Plaintiff, and to any counsel of record, if applicable.

**DATED**: July 24, 2015

*[signature]*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE