# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**TRAZELL I,**

    Plaintiff,

v.                                                 **CIVIL ACTION NO.: 3:15-CV-85 (GROH)**

**PENN NATIONAL GAMING, INC.,**
**and CHARLES TOWN GAMING, INC.,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the report and recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Magistrate Judge Trumble reviewed the *pro se* Plaintiff's Complaint and prepared an R&R pursuant to Local Rule of Civil Procedure 72.01 and 28 U.S.C. § 636(b)(1). The R&R was issued on July 24, 2015. ECF No. 5. Magistrate Judge Trumble recommends that this Court deny the Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 3], and that the Court dismiss the Plaintiff's *pro se* Complaint [ECF No. 1] for failure to state a claim upon which relief may be granted. Objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days after being served with a copy of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The Plaintiff was served with a copy of the R&R on August 7, 2015, and he timely filed his objections on August 17, 2015.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo

review of those portions of a magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of a magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of de novo review and of a plaintiff's right to appeal this Court's Order. See 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

When a plaintiff seeks to proceed *in forma pauperis*, the Court conducts a preliminary review of the complaint pursuant to 28 U.S.C. § 1915. In conducting that review, the Court determines whether the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides, in part, that a court shall dismiss a case at any time if the court determines that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. Where, as here, a plaintiff is proceeding *pro se*, a court should liberally construe the complaint. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). But a court is not required to "conjure up questions never squarely presented" or to "construct full blown claims from sentence fragments." Id. In the instant case, Magistrate Judge Trumble recommends the Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii). The United States Court of Appeals for the Fourth Circuit has equated the standards for dismissal under § 1915(e)(2)(B)(ii) with those for dismissal under Federal Rule of Civil Procedure 12(b)(6). See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint;

importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff and must view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). But a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff is required to articulate facts that, when accepted as true, show that he is plausibly entitled to relief. See Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 557).

Magistrate Judge Trumble recommends the Court find that the Plaintiff's complaint fails to state a claim upon which relief may be granted, as the complaint seems to allege civil rights violations under 42 U.S.C. §§ 2000a and 2000a-2 but is otherwise devoid of factual allegations that would support such claims. It appears to this Court that the Plaintiff's complaint alleges that he was denied access to a casino when casino staff did not recognize his "Indigenous American ID" as a valid form of personal identification. As Magistrate Judge Trumble notes in the R&R, the Plaintiff's complaint does not contain any facts that would allow for an inference of unlawful discrimination under 42 U.S.C. §§ 2000a or 2000a-2. In his objections to the R&R, the Plaintiff restates that he is a national of an aboriginal nation and that he has no income. But as to the merits of his complaint, he avers only that "the claim of entry denial in a [Penn National Gaming, Inc.] facility was in fact

3

discrimination." The Plaintiff states that the Defendants discriminated against him on the ground of national origin, but it is entirely unclear what the Plaintiff's nation of origin is. Upon review of the Plaintiff's objections to the R&R, this Court finds that the Plaintiff has failed to state a claim upon which relief may be granted. Therefore, the Plaintiff's complaint must be dismissed pursuant to 12 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is the opinion of this Court that Magistrate Judge Trumble's report and recommendation [ECF No. 5] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. The Plaintiff's objections are **OVERRULED**. The Court **ORDERS** that the Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 3] is hereby **DENIED**. The Court further **ORDERS** that the Plaintiff's Motion for Permanent Injunction [ECF No. 2] is **DENIED** and that his Complaint [ECF No. 1] is **DISMISSED**.

The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Defendants.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Plaintiff by certified mail, return receipt requested, at his last known address as shown on the docket sheet.

**DATED**: August 31, 2015

_____
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE